PETITION FOR WRIT OF MANDAMUS AND MOTION FOR EXPEDITED HEARING

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*ASIA THOMAS*

216 North Broad Street

 Philadelphia, PA 19102

Petitioner,

V.

*THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE* **LIBERTY DISTRICT 'CAO'**

*LISA CAMPS,* **EXECUTIVE DIRECTOR**

*EDWARD MOODY,* **STAFF DEVELOPMENT DIRECTOR**

219 E Lehigh Ave

Philadelphia, PA 19125

Respondent.

This PETITION FOR WRIT OF MANDAMUS AND MOTION FOR EXPEDITED HEARING

(hereinafter the "Petition") is made and entered into on this 22nd day of July, 2026, by and between:

*ASIA THOMAS*, an individual residing at 216 North Broad Street,

Philadelphia, PA 19102 (hereinafter "Petitioner");

THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE

'CAO', a government agency organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 219 E Lehigh Ave, Philadelphia, PA 19125 (hereinafter "Respondent");

(Each a "Party" and collectively the "Parties.")

## 1.  JURISDICTION AND VENUE

1.1 **Jurisdiction**.
 This Court has subject matter jurisdiction over this original action in mandamus pursuant to the Mandamus Act 28 USC 1361 and the Administrative Procedure Act 5 USC 706 (1) which grants the US District Court original jurisdiction of all actions and proceedings, including actions in mandamus to compel a government agency or official to perform a mandatory, non-discretionary duty or to Act on matters that have been unreasonably delayed.

1.2 **Venue.**
Venue is proper in this Court pursuant to 28 USC 1391 (e) as the Respondent is a US government agency and/or employee/s of a US government agency subject to the jurisdiction of the United States and located within the Eastern District of Pennsylvania, Philadelphia County and the cause of action arose within this jurisdiction where the Petitioner resides and where the Respondent failed to perform its mandatory duties.

## 2. RECITALS AND FACTUAL BACKGROUND

2.1 **Purpose of the Action.**

The Petitioner brings this action to compel the Respondent to perform its mandatory, non-discretionary duty under the Food and Nutrition Act of 2008 to make a formal determination on the Petitioner's renewal application for Supplemental Nutrition Assistance Program (SNAP) benefits and to immediately issue said benefits.

### 2.2 Application for Benefits.

On or about July 1st, 2026, the Petitioner submitted a complete and lawful renewal application for SNAP benefits to the Respondent. The Petitioner provided all necessary documentation and information required by law to establish eligibility for ongoing nutritional assistance.

### 2.3 Respondent's Failure to Act.

Despite the passage of the statutorily mandated processing timeframes, the Respondent has failed, neglected, and refused to process the application, make a formal determination of eligibility, or issue the SNAP benefits to which the Petitioner is legally entitled.

### 2.4 Unlawful Demand to Reapply.

Upon inquiry by the Petitioner regarding the status of the application, the Respondent was non-responsive. When a response was finally elicited, the Respondent unlawfully refused to issue a determination on the pending application. Instead, the Respondent instructed the Petitioner that she would have to "start the process over and reapply for benefits." This directive is in direct contravention of federal and state law, which prohibits agencies from forcing applicants to reapply due to agency delay or administrative error.

### 2.5 Exhaustion of Remedies.

 The Petitioner has exhausted all available and effective administrative remedies. The Petitioner has previously requested the Respondent to perform this action, but the Respondent has remained non-responsive and steadfast in its refusal to issue a determination. Because the Respondent has refused to issue a formal notice of determination (approval or denial), the Petitioner is effectively deprived of the standard administrative fair hearing process, rendering any further administrative appeals futile and inadequate.

## 3.  LEGAL AND STATUTORY FRAMEWORK

### 3.1 The Food and Nutrition Act of 2008.

The Supplemental Nutrition Assistance Program (SNAP) is governed by the Food and Nutrition Act of 2008, 7 U.S.C. § 2011 et seq The stated congressional declaration of policy for this Act is to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households. The Act mandates that state agencies administering the program must do so in strict compliance with federal guidelines.

### 3.2 Mandatory Processing Timelines.

Under 7 U.S.C.  2020 (3) and the implementing regulations at 7 C.F.R.  273.2(g) and the state agency is under a strict, mandatory duty to provide eligible households that complete the renewal application process an opportunity to participate as soon as possible, but no later than thirty (30) calendar days following the date the application was filed. For households meeting expedited service criteria, the agency must provide benefits within seven (7) days pursuant to 7 C.F.R.  273.2(i). Under 7 CFR 273.14 Expedited processing timelines are triggered when a household reapplies *after* their prior benefit certification period ends, or if they apply as a brand-new household or initial application.

### 3.3 Prohibition on Forcing Reapplication for Agency Delay.

Pursuant to 7 C.F.R.  273.2(h), if the state agency is at fault for not completing the application process by the end of the 30-day period, the agency must not deny the application. Instead, the agency must take immediate corrective action. The regulations explicitly prohibit the agency from requiring the household to file a new application to receive benefits for the period of the agency's delay. The Respondent's instruction for the Petitioner to "start the process over" is a direct violation of this federal mandate.

### 3.4 State Agency Guidance Memorandums and Policy Clarifications.

The Respondent is further bound by the Pennsylvania Department of Human Services' own State Agency Guidance Memorandums and Policy Clarifications, which dictate the

standard operating procedures for the County Assistance Offices. These internal and state-level directives mirror the federal requirements, mandating timely determinations and prohibiting the dismissal of applications due to agency backlog or administrative negligence. The Petitioner possesses and incorporates by reference these memorandums as supporting evidence of the Respondent's clear legal duty.

3.5 **Due Process Rights.**

3.  The Fourteenth Amendment to the United States Constitution and the Food and Nutrition Act guarantee applicants the right to due process, which includes the right to a timely, written determination of their eligibility status. By refusing to issue a determination, the Respondent is unlawfully circumventing the Petitioner's right to a fair hearing, as a formal notice is typically the jurisdictional prerequisite for an administrative appeals.

## 4. CAUSE OF ACTION: WRIT OF MANDAMUS

4.1 **Nature of Mandamus.**

Mandamus is an extraordinary writ that lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.

4.2 **Clear Legal Right of the Petitioner.**

The Petitioner has a clear, unequivocal legal right under the Food and Nutrition Act of 2008 and 7 C.F.R. 273.2 to have her SNAP application processed, to receive a formal determination of eligibility, and to be issued benefits retroactive to the date of application. The Petitioner has fulfilled all applicant responsibilities, thereby triggering her right to agency action.

4.3 **Corresponding Mandatory Duty of the Responden**t.

The Respondent, as the designated local administering agency for SNAP in Philadelphia County, has a non-discretionary, ministerial duty to process applications within the statutory timeframes. The Respondent has no discretion to simply ignore an application, refuse to issue a determination, or unlawfully demand that an applicant reapply due to the Respondent's own failure to act.

### 4.4 Lack of Adequate Alternative Remedy.

The Petitioner lacks any other adequate, appropriate, or complete legal remedy.

The standard administrative remedy for a denial of benefits is a fair hearing. However, because the Respondent has obstinately refused to issue any determination whatsoever, there is no formal decision from which the Petitioner can appeal. The administrative machinery has been stalled entirely by the Respondent's inaction. Furthermore, the immediate threat of hunger cannot be remedied by a protracted administrative appeal process, rendering any theoretical administrative remedy wholly inadequate to prevent irreparable harm.

### 4.5 Arbitrary and Capricious Conduct.

The Respondent's actions-specifically, ignoring the application and subsequently telling the Petitioner to start over-are arbitrary, capricious, and constitute a gross abuse of administrative power. Such conduct defeats the entire legislative purpose of the SNAP program, which is designed to provide a vital safety net for vulnerable individuals.

## 5. MOTION FOR EXPEDITED HEARING AND CONSIDERATION

### 5.1 Urgency of the Matter.

The Petitioner hereby moves this Honorable Court for an expedited hearing and immediate consideration of this Petition. The nature of the relief sought-access to essential food assistance-is inherently time-sensitive. Food insecurity constitutes an ongoing emergency that threatens the health, safety, and physical well-being of the Petitioner.

### 5.2 **Specific Deadline.**

The Petitioner respectfully requests that the Court act on this mandamus action no later than July 22, 2026. The immediate issuance of full month SNAP benefits is required to prevent severe and irreparable harm. Every day that passes without these vital benefits exacerbates the Petitioner's inability to secure basic nutritional necessities.

### 5.3 **Irreparable Harm.**

Courts have consistently recognized that the deprivation of subsistence benefits, such as SNAP, constitutes irreparable harm per se. The loss of nutritional assistance cannot be adequately compensated by a later award of retroactive benefits, as the physical and emotional toll of hunger is immediate and irreversible. The Respondent's ongoing refusal to issue a determination is actively inflicting this harm upon the Petitioner.

### 5.4 **Public Interest**.

Granting an expedited hearing and issuing the writ of mandamus serves the public interest by ensuring that government agencies comply with federal law and that the safety net programs designed to protect the most vulnerable citizens function as intended by Congress.

## 6. **SUPPORTING EVIDENCE AND DOCUMENTATION**

### 6.1 **Documentary Evidence.**

The Petitioner relies upon and will present the following supporting documents and evidence to substantiate the claims made herein:

State Agency Guidance

Memorandums: Official directives from the state oversight agency explicitly detailing the mandatory processing timelines and the prohibition against requiring applicants to reapply due to agency delay.

Policy Clarifications: Internal policy

Documents binding upon the Respondent that confirm the Petitioner's right to a timely determination and immediate issuance of benefits upon establishing eligibility, including federal exemption eligibility.

Proof of Application: Documentation demonstrating the date the Petitioner submitted the initial application and the completeness of the submission.

Communications with Respondent: Records, logs, or affidavits detailing the Petitioner's attempts to ascertain the status of the application and the Respondent's unlawful directive to "reapply"

6.2 **Incorporation by Reference**.

 All such documents, memorandums, and clarifications are hereby incorporated by reference as though fully set forth herein, and will be annonded to this Petition as Exhibits or presented at the expedited hearing.

## 7. **ADDITIONAL CLAUSES AND LEGAL PROTECTIONS**

7.1 **Severability**.

If any provision of this Petition or the application thereof to any person or circumstance is held invalid or unenforceable by a court of competent jurisdiction, the remainder of this Petition and the application of such provision to other persons or circumstances shall not be affected thereby, and to this end, the provisions of this Petition are declared to be severable.

7.2 **Waiver of Exhaustion (In the Alternative).**

To the extent the Court finds that any further administrative remedies theoretically exist, the Petitioner respectfully requests that the Court waive the exhaustion requirement. Exhaustion is not required where the administrative remedy is inadequate, where the agency has demonstrated bias or predetermined the issue (as evidenced by the refusal to process the application), or where requiring exhaustion would result in irreparable harm.

7.3 **Attorneys' Fees and Costs (If Applicable).**

The Petitioner reserves the right to seek reasonable attorneys' fees and costs incurred in bringing this action, pursuant to applicable state and federal law, including but not limited to the Equal Access to Justice Act or equivalent state statutes, due to the Respondent's unjustified and unlawful refusal to perform its mandatory duties.

7.4 **Force Majeure / Extraordinary Events.**

The Respondent cannot claim any extraordinary event, backlog, staffing shortage, or administrative burden as a defense to its failure to perform its mandatory duties. Federal law explicitly states that administrative difficulties do not excuse a state agency from compliance with the strict processing timeframes mandated by the Food and Nutrition Act.

## 8. **PRAYER FOR RELIEF**

*WHEREFORE*, the Petitioner, *ASIA THOMAS*, respectfully prays that this Honorable Court grant the following relief:

A. Issue a Peremptory Writ of Mandamus compelling the Respondent, THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE LIBERTY DISTRICT 'CAO', to immediately make a formal determination on the Petitioner's pending SNAP application without requiring the Petitioner to reapply.

B.  Compel the Respondent to immediately issue the full month of SNAP benefits to which the Petitioner is entitled, retroactive to the date of the initial application and ongoing.

C.   Grant the Petitioner's Motion for Expedited Hearing and Consideration, scheduling a hearing or issuing an order no later than July 22, 2026, to prevent further irreparable harm.

D.  Declare that the Respondent's practice of refusing to issue determinations and forcing applicants to reapply due to agency delay violates the Food and Nutrition Act of 2008 and the Due Process Clause of the Fourteenth Amendment.

E. Award the Petitioner the costs of this action and any reasonable attorneys' fees as permitted by law.

F. Grant such other and further relief as this Court deems just, proper, and equitable under the circumstances.

## 9. **VERIFICATION**

I, *ASIA THOMAS*, hereby certify under that the statements made in the foregoing Petition for Writ of Mandamus and Motion for Expedited Hearing are true and correct to the best of my knowledge, information, and belief. I understand willful falsification is subject to penalties under law.

"Generative artificial intelligence was used to assist in the preparation of this document. The undersigned certifies that all generated content has been reviewed for accuracy and that every citation to the law or the record has been independently verified against the original sources."

Signature: /s/ Asia Thomas

Name: *ASIA THOMAS*

Title: Petitioner

Date: 7/22/2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2026, a true and correct copy of the foregoing Petition for Writ of Mandamus and Motion for Expedited Hearing was served upon the Respondent at the following address via [Insert Method of Service, e.g., Certified Mail, Return Receipt Requested / Personal Service]:

THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE LIBERTY DISTRICT 'CAO'

219 E Lehigh Ave Philadelphia, PA 19125

Signature: /s/ Asia Thomas

Name: *ASIA THOMAS*

Date: 07/22/2026

## PROPOSED ORDER

***AND NOW***, this day of 2026, upon consideration of the Petitioner's Petition for Writ of Mandamus and Motion for Expedited Hearing, it is hereby ORDERED and DECREED that the Petition is GRANTED.

The Respondent,

 THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE 'CAO', is hereby ORDERED to immediately, and no later than twenty-four (24) hours from the issuance of this Order, make a formal determination on the Petitioner's pending SNAP application without requiring a new application.

It is further ORDERED that the Respondents shall immediately issue the full month of SNAP benefits to the Petitioner, retroactive to the date of the initial application, in compliance with the Food and Nutrition Act of 2008.

**BY THE COURT:**

> **AND NOW**, this day July 22 of 2026, upon consideration of the Petitioner's Petition for Writ of Mandamus and Motion for Expedited Hearing, it is hereby ORDERED and DECREED that the Petition is GRANTED.
>
> The Respondent,
>
> THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE LIBERTY DISTRICT 'CAO', Lisa Camps, Edward Moody are hereby ORDERED to immediately, and no later than twenty-four (24) hours from the issuance of this Order, make a formal determination on the Petitioner's pending SNAP application without requiring a new application.

It is further **ORDERED** that the Respondent shall immediately issue the full month of SNAP benefits to the Petitioner, retroactive to the date of the initial renewal application, in compliance with the Food and Nutrition Act of 2008.

**BY THE COURT:**

*HONORABLE JUDGE*

*Mia Roberts Perez*