**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASIA THOMAS,**<br>**Petitioner,**<br><br>**v.**<br><br>**THE CITY OF PHILADELPHIA COUNTY ASSISTANCE OFFICE, *et al.*,**<br>**Respondents.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO. 26-CV-5133** |

# MEMORANDUM

**PEREZ, J.** **NOVEMBER 12, 2026**

*Pro se* Petitioner Asia Thomas filed a Petition for a Writ of Mandamus and named as Respondents the City of Philadelphia County Assistance Office Liberty District ("CAO"), Lisa Camps, Executive Director, and Edward Moody, Staff Development Director.[1] (ECF No. 1). She also submitted a Motion for Expedited Hearing (ECF No. 2). Thomas subsequently filed two more petitions for mandamus relief and motions for an expedited hearing (ECF Nos. 7 & 10), and a Motion to Proceed *In Forma Pauperis* (ECF No. 8.). Most recently, Thomas submitted an "Amended Complaint" naming the City of Philadelphia and Moody, and asserting claims against the CAO.[2] (ECF No. 13 at 4.) For the following reasons, the Court will grant Thomas leave to

[1] Although she originally named "The City of Philadelphia County Assistance Office" as a Respondent, the Court understands her to refer to the Philadelphia County Assistance Office, which is a state entity, not a municipal one, as explained below. *Yerger v. Northumberland Cnty. Assistance Off.*, No. 24-1268, 2024 WL 3729869, at *1 & n.2 (M.D. Pa. Aug. 8, 2024) (concluding that county assistance office was local office of the Pennsylvania Department of Health and Human Services), *aff'd with modification*, No. 24-2513, 2024 WL 5040397 (3d Cir. Dec. 9, 2024) (*per curiam*).

[2] Thomas's most recent mandamus petition and her "Amended Complaint" ceased to name Lisa Camps as a Respondent, and none of the pleadings allege any facts about her. The Court will instruct the Clerk of Court to dismiss Camps as a Respondent.

proceed *in forma pauperis*, dismiss the Amended Complaint and the mandamus petitions without prejudice, and deny the motions for expedited hearing as moot.

## I. FACTUAL ALLEGATIONS[3]

Thomas filed three mandamus petitions seeking to compel the Respondents to make a formal determination on her Supplemental Nutrition Assistance Program (SNAP) application for benefits without requiring her to reapply, in addition to other declaratory and monetary relief. (*See, e.g.*, ECF No. 10 at 7.) She then submitted an Amended Complaint, which superseded the prior petitions.[4] She asserts in that filing that the CAO "delayed, denied and refused to renew and issue SNAP benefits . . . in accordance with and as pursuant to the Food and Nutrition Act of 2008 when I have already provided all the required information and documentation and met all the qualifying criteria to receive SNAP benefits." (ECF No. 13 at 4.) Thomas alleges that the CAO's failure to issue a determination causes her hunger, nutritional deprivation, and dehydration every day. (*Id.*) She contends that she has made many reports to the City, but "they have failed to act." (*Id.*) As the basis of federal jurisdiction, Thomas invokes the Food and

[3] The factual allegations set forth in this Memorandum are taken from Thomas's Amended Complaint (ECF No. 13). Where the Memorandum quotes from the Amended Complaint, spelling, punctuation, and grammar errors will be cleaned up as necessary. The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[4] Because the Amended Complaint supersedes the prior pleadings in the case, the allegations set forth in the Amended Complaint govern. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)). Parties cannot plead their cases by filing documents in a piecemeal fashion. *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"); *Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011))).

Nutrition Act, the Americans with Disabilities Act Amendments Act (ADAAA), and Section 504 of the Rehabilitation Act (RA). (*Id.* at 3.) She requests injunctive relief. (*Id.* at 3, 5.)

## II. STANDARD OF REVIEW

The Court grants Thomas leave to proceed *in forma pauperis* because it appears that she cannot afford to pay the filing fee. When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* pleadings as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the pleading contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Thomas is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id*; *see also Lewis v. Att'y General*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) (explaining that "[a] pleading will be judged by its substance rather than according to its form or label" (citation omitted)).

Furthermore, the Court must dismiss the pleadings if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

### A. Claims Under Disability Law

Thomas's Amended Complaint cites to disability laws, including the ADAAA and the RA, but nothing about her allegations brings her claims into the realm of disability discrimination under those laws. "Both [Title II of] the ADA and the RA require public entities[] . . . to provide, in all of their programs, services, and activities, a reasonable accommodation to individuals with disabilities." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 287 (3d Cir. 2019). "[W]hen a plaintiff sues under both the RA and the ADA, [courts] often address both claims in the same breath, construing the provisions of both statutes in light of their close similarity of language and purpose," since "the scope of protection afforded under both statutes, *i.e.*, the general prohibition against discrimination, is materially the same." *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018) (citation modified). Although the substantive standards for determining liability under the Rehabilitation Act and the ADA are the same, *see Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 275 (3d Cir. 2014), a party who seeks to proceed under § 504 "must show that the allegedly discriminating entity

receives federal funding," *McDonald-Witherspoon v. City of Philadelphia*, 481 F. Supp. 3d 424, 439 (E.D. Pa. 2020) (citing *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 n.10 (3d Cir. 2013)); *see also* 29 U.S.C. § 794(a).

To state a plausible claim under either the ADA or the RA, a plaintiff "must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess*, 933 F.3d at 288-89. With the passage of the Americans with Disabilities Act Amendments Act ("ADAAA") in 2008, "Congress mandated that the definition of disability shall be construed in favor of broad coverage of individuals to the maximum extent permitted." *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 221 (3d Cir. 2024) (citation modified).

Nowhere in Thomas's Amended Complaint does she allege that she is a qualified individual with a disability or that she was denied benefits because of a disability. *Miller-Bell v. Hall*, No. 23-924, 2023 WL 5153677, at *6 (W.D. Pa. Aug. 9, 2023). This is Thomas's fourth attempt at pleading this case, and she has never identified a qualifying disability or asserted that discrimination has played any role in the alleged delay or denial of benefits. These are fundamental requirements for alleging claims under the ADA or the RA, and having failed to mention, much less describe, any discrimination, Thomas has failed to state a plausible claim under federal disability laws. The claims will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Section 1983 Claims**

Thomas asserts in her Amended Complaint that Respondents have failed to timely process her re-application benefits and that Respondents made her re-apply for benefits when she should not have to, and she cites to the federal statute that established SNAP, the Food and

Nutrition Act.[5] (ECF No. 13 at 4.) At bottom, Thomas is essentially alleging a claim under 42 U.S.C. § 1983 for a violation of her procedural due process rights in the Fourteenth Amendment. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In other words, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).

The due process claim as alleged against CAO must be dismissed. The County Assistance Office is a local office of the Pennsylvania Department of Human Services. *Yerger v. Northumberland Cnty. Assistance Off.*, No. 24-2513, 2024 WL 5040397, at *1 & n.2 (3d Cir. Dec. 9, 2024) (*per curiam*). The state and its agencies do not qualify as "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." (cleaned up)).

[5] The SNAP Act and its regulations do not provide for a private cause of action. *Scott v. Pennsylvania Dep't of Hum. Servs.,* No. 25-2897, 2025 WL 1908045, at *2 n.2 (E.D. Pa. July 10, 2025) (first citing *Barry v. Corrigan*, 79 F. Supp. 3d 712, 734 (E.D. Mich. 2015) ("The SNAP Act does not explicitly confer a private right of action to enforce its provisions."), *aff'd sub nom. Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016); and then citing *Trefry v. Tracy*, No. 14-0044, 2014 WL 2154263, at *4 (D. Me. May 22, 2014), *aff'd* No. 14-1703 (1st Cir. June 25, 2015) ("Failure to comply with [SNAP Act] and other statutory requirements exposes a state to a suit by the Attorney General in federal court ... but there is no similar provision authorizing enforcement actions by private citizens.")), *aff'd sub nom. Scott v. Arkoosh*, No. 26-1916 (3d Cir. Oct. 20, 2026).

Moreover, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *see Will*, 491 U.S. at 65-66, and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983, *see* 42 Pa. Cons. Stat. § 8521(b). The County Assistance Office, as a local office of the Pennsylvania Department of Human Services, is thus entitled to Eleventh Amendment immunity against Thomas's claims. *Brown v. Dep't of Soc. Servs.*, No. 26-4268, 2026 WL 2019551, at *2 (E.D. Pa. July 13, 2026) (citing *Yerger*, 2024 WL 5040397, at *1 ("Pennsylvania DHS and, by extension one of its local offices, Northumberland [County Assistance Office] are entitled to Eleventh Amendment immunity because they are agencies of the Commonwealth of Pennsylvania, which has not waived its immunity here." (citation omitted))). The § 1983 claims alleged against the CAO will be dismissed without prejudice on Eleventh Amendment immunity grounds. *See Scott v. Arkoosh*, No. 26-1916, slip op. at 4 (3d Cir. Oct. 20, 2026) (affirming dismissal on Eleventh Amendment immunity grounds of claims alleging that state officials denied due process when processing SNAP benefits application).

To the extent that Thomas has named the City of Philadelphia separately as a Defendant in her Amended Complaint, (*see* ECF No. 13 at 3), she has not stated a plausible claim. For a claim of municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *Livingston v. Gallina*, No. 25-1948, 2025 WL 2673613, at *2 n.2 (3d Cir. Sept. 18, 2025) (*per curiam*) (quoting *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009)). It is not enough, however, to allege the existence of a policy or custom. "A

plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

There is barely a mention of the City in the Amended Complaint after Thomas identifies it as a party. (ECF No. 13 at 3.) Thomas merely states that she has "made reports" to the City concerning the CAO's alleged delay in processing her re-application for benefits, and that the City has not taken action. (*Id*. at 4.) Thomas fails to meet the basic pleading standard for alleging a municipal liability claim because she has not identified any custom or policy, or "specif[ied] what exactly that custom or policy was." *Livingston*, 2025 WL 2673613, at *2 n.2. Moreover, no facts alleged in this case suggest that her alleged injuries have anything to do with a supposed municipal custom or policy of the City. Rather, the relief sought throughout the pendency of Thomas's lawsuit has been to obtain SNAP benefits, and she has not plausibly alleged that the City has any role whatsoever in the benefits process. The municipal liability claim will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Thomas has named "Edward Moody" as a Defendant, but she fails to provide any identifying information or allege any facts against him. (ECF No. 13 at 3.) To state a cause of action under § 1983, a plaintiff must plead that the defendants have deprived him of a federal right while acting under color of state law. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "Private actors . . . can be said to act under color of state law only if their conduct is 'fairly attributable' to the state." *Daniels v. Nw. Hum. Servs.*, No. 20-1736, 2021 WL 4166285, at *1 (3d Cir. Sept. 14, 2021) (*per curiam*) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). In a prior pleading, Thomas provided a title of "Staff Development Director" for Moody (*see* ECF No. 1 at 1), and that information was entered on the court docket for this case. Beyond that,

however, the Amended Complaint and the pleadings before it yield nothing about Defendant Moody and whether he is a state actor for the purposes of § 1983. For example, it is unclear what organization he allegedly serves, what his responsibilities are, and how they relate to the allegations Thomas raised. Absent state action, Thomas has not stated a claim under § 1983. *Leshko*, 423 F.3d at 339. Moreover, Thomas has not alleged in the Amended Complaint that Moody is even personally involved in the purported delay and/or denial of benefits. *Rode*, 845 F.2d at 1207 (concluding that a party cannot be held liable under § 1983 absent "personal involvement in the alleged wrongs."); *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005) ("In order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights."); *see also Iqbal*, 556 U.S. at 676-77 (explaining that "vicarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). All four iterations of her pleadings filed since July 2026 have named Moody as a party, but none contains a substantive fact about this individual. (*See, e.g.,* ECF Nos. 1, 7, 10, 13.) The § 1983 claims alleged against Moody will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Lack of Subject Matter Jurisdiction Over Mandamus Request**

Finally, to the extent that Thomas continues to seek mandamus relief in her Amended Complaint, *e.g.*, requesting that the Court order the CAO to "issue a decision" and release benefits to her from the date she submitted her application to renew them, (*see* ECF No. 13 at 5), the Court lacks jurisdiction over the request. Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[6] Accordingly, the Court may only act pursuant to § 1361 where the respondents are executive officers, employees, of the United States or its agencies, and in this case, none of the Respondents fall within that category. *Id.* The City of Philadelphia is a municipal, not federal, entity. *Jacobs v. City of Philadelphia*, No. 19-4615, 2021 WL 199547, at *8 (E.D. Pa. Jan. 20, 2021) ("Under Pennsylvania law, the City of Philadelphia is recognized as a municipal corporation." (citing 53 P.S. §§ 101, 16251, 16255)). The CAO serves as a local office of Pennsylvania's Department of Human Services, a state agency, and a CAO employee is not "an officer or employee of the United States or any agency thereof." § 1361; *see also Yerger*, 2024 WL 3729869, at *1. Receipt of federal funding does not change the calculus. *See Boston v. Internal Revenue Servs.*, No. 22-489, 2022 WL 2062723, at *1 (W.D. Pa. Jun. 8, 2022) ("[M]ere receipt of some federal funding is insufficient to render these Defendants agencies of the federal government."). Therefore, to the extent Thomas continues to seek mandamus relief, the Court will dismiss the request along with her other prior mandamus requests for lack of subject matter jurisdiction. *Hernandez v. Pennsylvania*, No. 25-3265, 2025 WL 2233673, at *4 (E.D. Pa. Aug. 5, 2025) (dismissing for lack of subject matter jurisdiction a request for mandamus relief to compel a state judicial officer to perform an alleged duty).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Thomas's Motion to Proceed *In Forma Pauperis*, and dismiss Thomas's Amended Complaint (ECF No. 13) and petitions for writ of

---

[6] Under the All Writs Act, 28 U.S.C. § 1651, a court also may issue a writ of mandamus when "necessary or appropriate in aid of jurisdiction and agreeable to usages and principles of law." Section 1651 is not applicable because the requested relief is not in aid of this Court's jurisdiction.

mandamus (ECF Nos. 1, 7, 10) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction, respectively. The motions for expedited hearing (ECF Nos. 2, 7, 10) are denied as moot. The Court concludes that further amendment of these claims would be futile under the circumstances of the case, but notes that the dismissal is without prejudice to Thomas seeking relief though appropriate administrative and state court processes available to her. A separate Order follows dismissing the case.

**BY THE COURT:**

**HON. MIA R. PEREZ**